# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JANARDHAN NELLORE, <br> Defendant. | Case No. 19-cr-0070712 MAG (NC) <br> **DETENTION ORDER** <br> Hearings: May 10 and 23, 2019 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention of the defendant Janardhan Nellore, and the Court on May 10 and 23, 2019, held detention hearings to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. This order sets forth the Court's findings of fact and conclusions of law as required by 18 U.S.C. § 3142(i). The Court finds that detention is warranted.

The defendant was present at the detention hearings, represented by his attorney AFPD Varell Fuller, and assisted by a certified interpreter. The Government was represented by Assistant U.S. Attorney Patrick Delahunty.

The defendant is charged by criminal complaint in this District with a felony count

of aggravated identity theft in violation of 18 U.S.C. § 1028A. ECF 1. The defendant is presumed innocent of the charge. *See* 18 U.S.C. § 3142(j). The detention hearings were held publicly. Both parties were allowed an opportunity to call witnesses and to present evidence. Both parties presented their arguments by way of proffer through counsel. Both parties may appeal this detention order to the duty U.S. District Court Judge. There is no presumption of detention applicable in this case.

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearings and finds as follows.

First, at the May 10 detention hearing, the Court temporarily detained Nellore under 18 U.S.C. § 3142(d)(1)(B) and (d)(2), finding that Nellore was not a U.S. citizen or lawfully admitted permanent resident, and posed a risk of flight based on the circumstances of his arrest with his family at an international airport with a ticket to leave the United States.

The Court held a further detention hearing on May 23. The Court finds that the Government has established by more than a preponderance of the evidence that the defendant poses a risk of nonappearance that cannot be reasonably mitigated by any combination of conditions. The proffered evidence and evidence from the criminal complaint affidavit is that Nellore has substantial family and financial ties outside the United States, and very few in the United States; his immediate family flew to India shortly after contact with Nellore by federal law enforcement agents; Nellore through his employment and stock trades has had access to substantial capital and the location of those assets is not completely explained at present; and Nellore was arrested at SFO with a ticket to leave the United States and appears not to have had any intention to return, based on the inference of the materials he had with him when arrested. As to danger to the community, the Court finds that a combination of conditions could be imposed to mitigate any risk of danger. The Government did not argue that Nellore would pose a danger if released.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The

defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: June 11, 2019

_____
Nathanael M. Cousins
United States Magistrate Judge